FRED INGRAM *vs.* MAINE WATER COMPANY.

Kennebec.    Opinion April 18, 1904.

*Constitutional Law.   Mill and Mill Dams.   Jury Trial,* none to assess damages. *R. S. (1883), c. 92, § 12.   Const. of Maine, Art. 1, § 20.*

1. The taking of private property under the Mill Act, R. S. (1883), c. 92, is sustained in this State on the ground that such taking is an exercise of the right of eminent domain.
2. There is no constitutional right to a jury trial to assess damages for property taken by eminent domain.
3. The second clause of sect. 12, chapter 92, R. S. 1883, is constitutional.

Exceptions by plaintiff.    Overruled.

Complaint for flowage of plaintiff's land by defendant's mill dam under the mill acts.

The defendant was defaulted at the March term, 1903, and commissioners were appointed who seasonably made their report.

At the request of the plaintiff a jury was impanelled to try the cause and the report of the commissioners was under the direction of the court given in evidence to the jury.

Evidence tending to contradict the report of the commissioners was offered by the plaintiff.

The court ruled that such evidence could not be received unless misconduct, partiality or unfaithfulness on the part of some commissioner was shown. To this ruling the plaintiff excepted.

*Jos. Williamson and L. A. Burleigh,* for plaintiff.

1. A trial by jury in which the evidence that may be presented is restricted as in sect. 12 of c. 92, is not a trial by jury within the meaning of that term as used in sect. 20 of Art. 1 of the Constitution. A trial under the rules of evidence laid down in sect. 12 substitutes for the judgment of the jury that of three commissioners. It preserves the shadow of a jury trial, but divests it of its substance. *King* v. *Hopkins,* 57 N. H. 334,—An able and exhaustive exposition of the subject, deciding the issue squarely in our favor under a precisely similar constitutional provision, the court holding unconstitutional a statute making the report of referees under the mill act prima facie evidence only. *Plimpton* v. *Somerset,* 33 Vt. 283.

*Howard* v. *Moot,* 64 N. Y. 262, where the court says: "It may be considered for all the purposes of this appeal that a law that should make evidence conclusive which was not so in and of itself, and thus preclude the adverse party from showing the truth, would be void as indirectly working a confiscation of vested rights." *Howard* v. *Moot* is cited with approval in *Holmes* v. *Hunt,* 122 Mass. 519.

The statements in *Bryant* v. *Glidden,* 36 Maine, 36, on this point are dicta, the case being decided on other grounds. In the same case, 39 Maine, 458, the point was not raised.

While statutes may prescribe that matters which were not competent evidence at common law shall be admitted, the legislature cannot prescribe that evidence shall be conclusive which is not so in and of itself. We are able to find no case in which a compulsory reference has been held constitutional except where it related to an account and where also it was made only prima facie evidence. If the trial prescribed in sect. 12 is the kind contemplated by the Constitution, then the legislature may prescribe a similar rule in all causes, and all civil cases may be tried before commissioners whose decision shall be conclusive unless some unreasonable condition be complied with.

legislatures may enlarge the sources of testimony, but cannot unreasonably restrict them.

That a trial by a constitutional common law jury is not contemplated in sect. 12, is made still clearer by a comparison of its provisions with those of sects. 7, 8 and 9 of the same chapter, where the issues to be submitted to such a jury are distinctly specified and all others relegated for decision to the commissioners.

2. The "cause" to be tried named in sect. 12, is both a civil suit and a controversy concerning property, and the exception of "cases where it has heretofore been otherwise practiced" does not apply.

The word "heretofore," means at the adoption of the Constitution. This date was Dec. 6, 1819. *Copp* v. *Henniker*, 55 N. H. 191; *King* v. *Hopkins*, 57 N. H. 334, 3 Am. & Eng. Enc. Law, 1st ed. 720.

The issues to be tried, first before the commissioners under section 9, and second before the jury under sect. 12, are:

First: Is the land described in the complaint injured by the dam? This is the main or vital issue of the complaint. By the express terms of sect. 7 it cannot be tried under that section, and a long line of decisions holds it triable under sect. 12. If this issue is decided in favor of the complainant, the commissioners or jury then reach the following issues. Second: What are the yearly damages done to the complainant by the flowing of his lands described in the complaint? Third: How far is the same necessary? Fourth: For what portion of the year ought such lands not to be flowed? Fifth: What sum in gross would be a reasonable compensation for all the damages if any occasioned by the use of such dam and for the right of maintaining the same forever estimated according to the height of the dam and flash-boards as then existing?

Practice as to trial of these issues when the Maine Constitution was adopted: The Massachusetts statute then in force under which the first issue was triable was the statute of Feb. 28, 1798. Under its provisions the first issue was triable by a common law jury at the bar of the Court of Common Pleas, with a right of appeal and trial before another common law jury at the bar of the Supreme Judicial Court. In all preceding mill acts in Massachussets the right to

have this question determined by a common law jury at the bar of the court was given either originally or by right of appeal to the Supreme Court of Judicature.

This statute had been construed to this effect while Maine was a part of Massachusetts.   *Van Dusen* v. *Comstock,* 3 Mass. 184 (1807).

By the Maine laws the trial of this issue was taken from the common law jury and given first to the sheriff's jury and then to commissioners as at present provided.   Stat. 1821, c. 45; 1825, c. 976; R. S. 1840, c. 126, § 9; Stat. 1856, c. 269.

This important change is uniformly recognized by the Maine Court.   *Cowell* v. *Great Falls,* 6 Maine, 282; *Nelson* v. *Butterfield,* 21 Maine, 220; *Underwood* v. *Scythe Co.,* 41 Maine, 297; *Prescott* v. *Curtis,* 42 Maine, 70.   The history of this change is traced at some length in *Nelson* v. *Butterfield* cited above.

The constitutional question was not raised in any of these cases for the reason that, until the decision in *Bryant* v. *Glidden* excluding evidence tending merely to contradict the report of the commissioners and the present statute making it incumbent to "show misconduct, partiality or unfaithfulness" (ch. 269 Public Laws of 1856), it mattered little whether this issue was decided by a common law jury at the first or the second trial.   It will be noted that the present statute requiring proof of misconduct, &c., has never received judicial construction.

To summarize as to the fifth issue:   We claim first, that it was a novel controversy, unknown at the adoption of the Constitution; and second, that its determination, aside from the assessment of damages, involves the determination of several questions of fact, among which are the height of the dam and flash-boards as then existing, and the nature and extent of the prospective injury forever.   Further, that under the present law, the plaintiff is nowhere entitled to a trial by the jury upon these issues; that such trial is guaranteed him by the Constitution, and that therefore the second clause of sect. 12, as applicable to the statute, must be unconstitutional.

A complaint for flowage is a civil suit:   *Clement* v. *Durgin,* 5

Maine, 15; *Bryant* v. *Glidden*, 36 Maine, 44. This case declined to sustain a motion in arrest of judgment on the ground that no motion in arrest could be sustained in a civil action. *Hall* v. *Decker*, 48 Maine, 255. This holds that a complaint for flowage is a personal action and may therefore be served by a constable if otherwise within his jurisdiction. R. S. 1883, c. 77, §§ 63–67, give the Superior Courts jurisdiction over "all civil actions except complaints for flowage, real actions," &c.

While the case of *Henderson* v. *Adams*, 5 Cush. 610, cited without comment in *Kennebec Water District* v. *Waterville*, 96 Maine, 249, holds the contrary, this must be considered in connection with the important case of *Howard* v. *Proprietors*, 12 Cush. 263, in which Chief Justice Shaw says: "The complaint for flowing is essentially a civil suit. It is a remedy afforded to an individual, to recover damages in a special form for a private injury, in a case where, but for the special provisions in the mill act, founded upon well considered reasons of expediency, he would have a remedy in an action on the case." *Hersey* v. *Packard*, 56 Maine, 395.

We have found no case in which the sovereignty of the State is delegated to the citizens at large by a general act. In *Kennebec Water Dist.* v. *Waterville*, supra, the right to trial by jury is denied because the plaintiff is seeking to exercise the sovereign power granted it by the State, and there can be no controversy between the sovereign and the citizen. We submit that the man who owns a mill is no more entitled to exercise sovereign power than is a land owner.

There is another element of eminent domain which is lacking. There is no taking. The mill owner does not even get an easement in the plaintiff's land. It is sometimes said loosely that he obtains a right to flow the land, but he really gets no such right. He obtains simply a right to raise the water, and if the plaintiff sees fit he can build a dike and keep the water off his land. He cannot use the plaintiff's land as matter of right for the storage of water if the plaintiff sees fit to keep him out. *Jordan* v. *Woodward*, 40 Maine, 323.

If by prescribing a default at an early stage of the proceedings, and that the default shall admit nothing as to the main issue, the legislature can take away the right to a trial by jury on such issues

in a complaint for flowage, it can do the same in any other class of actions, and thus totally defeat the provisions of the Constitution.

*Orville D. Baker,* for defendant.

Counsel cited: *French* v. *Braintree Mfg. Co.,* 23 Pick. 220; *Jordan* v. *Woodward,* 40 Maine, 317; *Ken. Water Dist.* v. *Waterville,* 96 Maine, 246–251; Cooley's Const. Lim. pp. 534–5.

SITTING: WISWELL, C. J., STROUT, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.   This was a complaint for flowage of the plaintiff's land by the defendant's mill-dam under the Mill Acts of Maine, filed in the Supreme Judicial Court for the County of Kennebec. The defendant was defaulted at the return term of said court. Commissioners were appointed and made their report awarding as damages $3 annually and $60 in gross. At the request of the plaintiff, a jury was impanelled to try the cause. The report of the commissioners was under the direction of the court given in evidence to the jury, and evidence was offered by the plaintiff tending to contradict the report. The court ruled that such evidence could not be received unless misconduct, partiality, or unfaithfulness on the part of some commissioner was shown; and to this ruling the plaintiff excepted.

The question raised by the exceptions is whether the second clause of sec. 12, chap. 92 of the R. S. 1883, relative to mills and mill-dams is constitutional. The section is as follows:—

"Section 12.   If either party requests that a jury may be impanelled to try the cause, the report of the commissioners shall, under the direction of the court, be given in evidence to the jury; but no evidence shall be admitted to contradict it, unless misconduct, partiality, or unfaithfulness on the part of some commissioner is shown." This section is claimed by the plaintiff to be inconsistent with the provisions of Sec. 20, Article 1, of the Constitution of Maine which is as follows:—

"Section 20.   In civil suits and in controversies concerning property, the party shall have a right to a trial by jury except in cases where it has heretofore been otherwise practised; the party claiming

the right may be heard by himself and his counsel, or either at his election."

The Mill Acts of Maine originated under the laws of Massachusetts two hundred years ago when the conditions of the country and the very great necessity of utilizing water power were reasons therefor, which since the introduction of steam and electrical power do not so obviously exist, but they have been so long recognized and upheld by judicial decisions that in their general scope their constitutionality is no longer debatable.    The principle on which these laws is founded is the right of eminent domain, the sovereign right of taking private property for public use.    Cooley's Const. Limitations, §§ 534, 535; *French* v. *Braintree Mfg. Co.*, 23 Pick. 216; *Jordan* v. *Woodward*, 40 Maine, 317; *Great Falls Mfg. Co.* v. *Fernald*, 44 N. H. 444; *Scudder* v. *Trenton Delaware Falls Co.*, 1 N. J. Equity, 695, 23 Am. Dec. 756; *Olmstead* v. *Camp*, 33 Conn. 532, 89 Am. Dec. 221. Their validity implies the power of the legislature to authorize a private right, which stands in the way of an enterprise to improve the water power, to be taken without the owner's consent, if suitable provision is made for his just compensation.

The construction which the courts have generally given to the words "property taken" in the constitution is that they include permanent damage to property.    In *Grand Rapids Booming Co.* v. *Jarvis*, 30 Mich. 308, it is held that an injury to the property of an individual is equivalent to taking, if it deprives him of its ordinary use, and entitles him to compensation.    *Nichols* v. *Somerset, etc., R. R. Co.*, 43 Maine, 356; *Cushman* v. *Smith*, 34 Maine, 247; *Hazen* v. *Essex Co.*, 12 Cush. 475; *Boston & Roxbury Mill Corp.* v. *Newman*, 12 Pick. 467, 23 Am. Dec. 622; *Belknap* v. *Belknap*, 2 John. Ch. 463, 7 Am. Dec. 548.    Chief Justice Shaw in *Murdock* v. *Stickney*, 8 Cush. 113 makes a distinction between the taking of the corpus of the property of an owner and incidental damages caused to his land by the mill-owner.    But he decides that it is now too late to inquire whether if this were an original question this legislation would be considered as trenching too closely upon the great principle which gives security to private rights.    Whatever the principle upon which the Mill Acts is founded, the right thereby granted

is restricted by the constitutional condition that the person whose land is flowed shall receive just compensation; and here an important controversy centres upon the tribunal which is to assess the damages. If the damages must be determined, as issues of fact are decided at common law, a jury is the only proper tribunal. In a complaint for flowage there are some elements of a suit at law. *Clement* v. *Durgin,* 5 Maine, 9; *Bryant* v. *Glidden,* 36 Maine, 36; *Hall* v. *Decker,* 48 Maine, 255; *Henderson* v. *Adams,* 5 Cush. 610; *Kennebec Water District* v *Waterville,* 96 Maine, 234. But there are others which might be only within the jurisdiction of a process in equity. The damage already sustained, which might be determined by an action at law, is not the full measure of compensation which the land owner is entitled to receive. There are yearly damages thereafter and damages in gross to be assessed. *Moor* v. *Shaw,* 47 Maine, 88; *Hill* v. *Baker,* 28 Maine, 9.

A careful examination of authorities satisfies us that it is not a case where as a matter of right a party is entitled to a trial by jury. The claim for damages is not a civil suit or a controversy concerning property within the meaning of the constitution. The proceeding is judicial in character, and it is sufficient if the designated tribunal is impartial. 2d. Dillon on Municipal Corps., 482; Cooley's Const. Limitations, § 563; *Mason* v. *Kennebec & Portland R. R. Co.,* 31 Maine, 215; *Rhine* v. *McKinney,* 53 Texas, 354; *Petition of Mt. Washington Road Co.,* 35 N. H. 134; *Rich* v. *Chicago,* 59 Ill. 286; *Stowell* v. *Flagg,* 11 Mass. 364; *Stevens* v. *Middlesex Canal,* 12 Mass. 466; *Backus* v. *Lebanon,* 11 N. H. 19; *Dalton* v. *Northampton,* 19 N. H. 362; *American Print Works* v. *Lawrence,* 21 N. J. 248; *Livingston* v. *Mayor of New York,* 8 Wendell, 85; *Adolphus Koppikus* v. *State Capital Com'rs,* 16 Cal. 249; *Whiteman's Executors* v. *Will. & Sus. R. R. Co.,* 2 Har. (Del.) 514, 33 Am. Dec. 411; *Central Branch U. P. R. R. Co.* v. *Atch. Top. & Santa Fe R. R. Co.,* 28 Kan. 453; *Balt. Belt R. R.* v. *Baltzell,* 75 Md. 94; *Bruggerman* v. *True,* 25 Minn. 123.

It is claimed on behalf of the plaintiff that he is absolutely entitled to a jury trial, because under the statutes other issues beside the question of damages which are not admitted by the default

remain to be tried, namely, how far the flowing of the complainant's land described in the complaint is necessary, and for what portion of each year such land ought not to be flowed. These questions are involved in estimating the damages, and their determination serves to make the rights of the parties specific by showing how far the payment of annual or gross damages is a bar to further proceedings.

It is also contended that the provision of statute which authorizes the assessment of gross damages is a new issue which requires decision by a jury; but we think it is only a judicial question. Gross damages are simply the equivalent of annual damages which are to be ascertained by the same mode and upon the same facts. The finding and report of the commissioners may upon the application of either party be reviewed by a jury. This would meet the points raised by the complainant's counsel already considered, if the trial was unfettered.

It is said that the provision which authorizes the introduction of the commissioner's report in evidence before the jury, and making it conclusive unless misconduct, partiality, or unfaithfulness is shown, deprives the trial of the character of a common law jury trial. *King* v. *Hopkins,* 57 N. H. 334; *Plimpton* v. *Somerset,* 33 Vt. 283; *Howard* v. *Moot,* 64 N. Y. 262. This is undoubtedly true. But the report of the commissioners is competent evidence, and it is something more; it is the finding of a tribunal selected as required by law, whose formal statement of their conclusions of fact is decisive of the rights of the parties, until its decisive effect is overcome by being impeached by evidence. *Bryant* v. *Glidden,* 36 Maine, 36. The authorized re-trial of the cause by a jury is a statutory proceeding designed to insure the decision of an impartial tribunal. The statute in question secures the constitutional rights of the complainant, and the ruling of the court being in accordance with its provisions, is correct.

*Exceptions overruled.*